NO.
12-06-00339-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

DAVID K. EVERSON AND 

PATRICIA M. EVERSON,  §          APPEAL
FROM THE 114TH

APPELLANTS

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

LONESTAR EQUINE RESCUE,
ROBERT

H. LENHAM AND GEORGEANNE          §          SMITH
COUNTY, TEXAS

R. ADAMS LENHAM,

APPELLEES 

 

 



MEMORANDUM OPINION

PER CURIAM

            On September
26, 2006, Appellants David K. Everson and Patricia M. Everson filed a notice of
appeal stating their desire to appeal from a final judgment signed on April 25,
2006 “and/or the judgment nunc pro tunc signed on June 28, 2006.”  On September 29, 2006, this Court notified
the Eversons that their notice of appeal was not filed within the time allowed
by Texas Rule of Appellate Procedure 26.1 and that no timely motion for an
extension of time to file the notice of appeal had been filed.  See Tex.
R. App. P. 26.1 (notice of appeal must be filed within thirty days after
judgment signed where no timely motion for new trial filed); Tex. R. App. P. 26.3 (appellate court
may extend time to file notice of appeal if, within 15 days after deadline for
filing notice of appeal, appellant files notice of appeal in trial court and
files motion for extension of time in appellate court).  The Eversons were further notified that the
appeal would be dismissed unless, on or before October 9, 2006, the information
received in the appeal was amended to show the jurisdiction of this Court.

            On October
6, 2006, the Eversons filed a motion for leave to file an out of time appeal
and an amended notice of appeal.  In
their motion for leave, the Eversons stated that they did not receive notice of
the signed judgment and that the trial court signed a judgment nunc pro tunc on
June 28, 2006 after the expiration of the court’s plenary power.  They further alleged that, on July 21, 2006,
they filed a motion to extend time and a motion for new trial in the trial
court.  In response to the information
furnished by the Eversons, we issued an order requiring the trial court to
conduct a hearing and to sign a written order finding when the Eversons or
their attorney first either received notice or acquired actual knowledge that
the judgment was signed.  See Tex. R. App. P. 4.2(c).  The trial court promptly conducted the
hearing and signed a written order finding that on June 5, 2006, the Eversons’
attorney received notice that the judgment was signed.

            Because the
Eversons’ attorney did not receive notice of the signed judgment until June 5,
2006, all appellate time periods that begin on the date the judgment was signed
run from that date.  See Tex. R. App. P. 4.2(a)(1).  Although the Eversons filed a motion for new
trial, the motion was filed on July 21, 2006, which was more than thirty days
after the date the Eversons received notice of the signed judgment.  Therefore, the motion for new trial was untimely
and did not extend the time for filing the notice of appeal.  See Tex.
R. Civ. P. 329b(a) (motion for new trial must be filed within thirty
days after judgment signed); see also Tex.
R. App. P. 26.1(a)(1) (notice of appeal must be filed within ninety days
after judgment signed if any party timely files motion for new trial).  Moreover, a nunc pro tunc judgment entered
after a trial court’s plenary jurisdiction has expired does not extend the time
for perfecting an appeal.  Hollis
v. County of Dallas, No. 05-05-01306-CV, 2006 WL 10095, at *1 (Tex.
App.–Dallas 2006, no pet.) (mem. op.). 
Consequently, the Eversons’ notice of appeal must have been filed on or
before July 5, 2006.  However, the notice
of appeal was not filed until September 26, 2006.  As such, the notice of appeal was untimely and
does not invoke the jurisdiction of this Court.[1]

            Because this
Court is not authorized to extend the time for perfecting an appeal except as
provided by Texas Rules of
Appellate Procedure 26.1 and 26.3, we dismiss the appeal for want of
jurisdiction.  See Tex. R. App. P. 42.3(a). 

Opinion delivered November
15, 2006.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

(PUBLISH)

 

                                    











[1] Even
if we calculated the appeal late time periods from the date the judgment nunc
pro tunc was signed,  the notice of
appeal would still be untimely.